UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHIKO STEHRENBERGER,<br><br>                Plaintiff,<br>  vs.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>                Defendant. | No. CV-12-00543-JLQ<br><br>ORDER DIRECTING ENTRY<br>OF JUDGMENT OF DISMISSAL<br>WITHOUT PREJUDICE |

     BEFORE THE COURT is Plaintiff's filing entitled "Plaintiff's Response to Court's Order to File a Supplement to Application to Proceed In Forma Pauperis" and also titled "Voluntary Dismissal and Explanation; Denial of Any Attorney Ghost-Writing of Complaint" (ECF No. 9).

     The court first observes that to the extent this is a response to the court's concerns regarding in forma pauperis ("IFP") status, it is untimely. The court allowed Plaintiff until November 1, 2012 to amend or voluntarily dismiss her Complaint. See Order of October 1, 2012 (ECF No. 6). However, the court also directed that "unless she earlier dismisses this action, Plaintiff shall file a Supplement to her Application to Proceed IFP on or before **October 22, 2012**." (Id.). The instant filing was post-marked October 23, 2012, and received for filing on October 24, 2012. It was therefore untimely.

     The instant filing is also only partially responsive to the court's concerns. For the most part, Plaintiff has failed to provide the additional information ordered by the court stating that: "Because this case is being voluntarily dismissed, this information is no longer required in order to proceed." (ECF No. 9, p. 1 & 2). Plaintiff has failed to provide information about her prior cases, and with surprising confidence for a *pro se* litigant, states: "Because Plaintiff is unaware of any rule limiting the total number of

ORDER - 1

cases that may be filed IFP when a plaintiff qualifies, Plaintiff understands that the number of prior cases granted leave to proceed IFP shall have no bearing on the legal sufficiency of new cases being filed." (ECF No. 9, p. 1).

Contrary to Plaintiff's incorrect assertion, both the number of prior suits filed, and the merit, or lack thereof, of those suits is relevant to the court's determination of IFP status. This court has "inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis." *Demos v. U.S. Dist. Court for E.D. of Washington*, 925 F.2d 1160, 1161 (9th Cir. 1991). A plaintiff's failure to provide information about prior actions prevents the court from making that evaluation. See *Albright v. Holden*, 99 F.3d 1145 (9th Cir. 1996)(finding plaintiff's "failure to provide information about previous lawsuits interfered with the court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation").

As stated in this court's prior Order, Plaintiff's filing in the United States District Court for the S.D. of Ohio indicates that she has been involved in 9 other state and federal lawsuits in the last 8 years. The court does not know whether Plaintiff was a plaintiff or defendant in these prior suits, or whether she sought IFP status. This court is not now required to determine if Plaintiff is a vexatious litigant or is abusing the IFP process, but 10 lawsuits in 8 years at least raises that possibility. In *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990), the Ninth Circuit affirmed the District Court's denial of IFP status where that denial was based in part on the District Court's finding that plaintiff "was placing a great burden on the court by his several previous filings and attempted filings in the Western District (nine complaints filed in eight years, in all of which he applied for leave to proceed in forma pauperis)". However, as Plaintiff has chosen to voluntarily dismiss this action, this court will not reconsider the prior Order which allowed her to proceed IFP. (ECF No. 4).

As there has been no answer or summary judgment motion filed, Plaintiff may voluntarily dismiss her claim per Fed.R.Civ.P. 41 without order of the court or stipulation of the Defendants. Accordingly,

**IT IS HEREBY ORDERED**:

1.  The Clerk shall enter Judgment dismissing the Complaint (ECF No. 5) and the claims therein without prejudice.

2. Plaintiff's Motion to Obtain ECF Login and Password (ECF No. 3) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.  The Clerk is hereby directed to file this Order, enter Judgment, furnish copies to counsel and Plaintiff, and close this file
.

DATED this 26th  day of October, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE